# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| PERCY ALLEN WILLIAMS, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:10CV501 |
| | ) | |
| LEWIS O. SMITH, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, has submitted a civil rights action pursuant to 42 U.S.C. § 1983 and other federal statutes, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process this Complaint.

First, Plaintiff names, and seeks damages from, several defendants who are either not proper defendants in an action under § 1983 or who are immune from damages, specifically two judges and two defense attorneys. (Docket Entry 2 at 4-5, 8-13.) Judges have absolute immunity for their judicial actions. *Stump v. Sparkman*, 435 U.S. 349 (1978). Defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, regardless of whether the attorney is privately retained, *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976), appointed by the state, *Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir.

1980), or employed as a public defender, *Polk County v. Dodson*, 454 U.S. 312, 324 (1981). Plaintiff cannot maintain his claims against these defendants.

A second problem arises because some of Plaintiff's claims pertain to events that occurred either in a habeas corpus case previously filed by Plaintiff in the United States District Court for the Western District of North Carolina or in a state court proceeding. (Docket Entry 2 at 8-9, 11-12.) Any challenge to any action taken in those cases must be filed through proper channels in those courts or raised in an appeal. This Court does not have control over another court's cases or judges.

Third, Plaintiff alleges that his "right to privacy" was violated by Defendant Lewis O. Smith, the warden where Plaintiff is housed, because "non-medical" personnel were used to medically screen inmates. (Docket Entry 2 at 7.) Although some courts do recognize a right to privacy concerning the nondisclosure of medical information in prisons, *see, e.g., Doe v. Delie,* 257 F.3d 309 (3d Cir. 2001), Plaintiff has not properly alleged a violation of that right. His only factual allegation is that a "non-medical" person was used to gather information. Plaintiff has not alleged that his medical information was disclosed to anyone except an employee or agent of the prison responsible for gathering the information.

Also, the right to privacy, to the extent it exists in the prison setting, "may be curtailed by a policy or regulation that is shown to be 'reasonably related to legitimate penological interests.'" *Id*. at 317 (quoting *Turner v. Safley*, 482 U.S. 78, 89 (1987)). The use of available prison personnel to gather screening information constitutes such a practice. Finally, by his own admission, Plaintiff has exhausted the grievance procedure only as to his

claims that he received inadequate healthcare. (Docket Entry 2 at 2.) Neither the Complaint nor the attached exhibits allege that Plaintiff presented his privacy claim in a grievance. Plaintiff cannot maintain a privacy claim because his own allegations reveal he has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a). *See Anderson v. XYZ Correctional Health Services, Inc.*, 407 F.3d 674, 682 (4th Cir. 2005).

Fourth, Plaintiff raises a claim that Defendant Smith conspired with the medical staff at the prison to violate Plaintiff's rights by charging him co-pay fees for pre-existing conditions and without his consent. He claims that these actions violated 18 U.S.C. § 1962(c) (RICO) and his constitutional rights. (Docket Entry 2 at 7.) As with the claim just discussed, the Complaint confirms that Plaintiff failed to exhaust his administrative remedies on the co-pay issue and, thus, he cannot proceed with that claim. *See Anderson*, 407 F.3d at 682. Further, co-pay fees for medical treatment in jails and prisons are generally constitutional. *See Sims v. Lexington County Detention Ctr.*, C.A. No. 3:06-3490-PMD, 2008 WL 216345, at *7 (D.S.C. Jan. 24, 2008)(unpublished)(citing cases). Plaintiff has not alleged particular facts showing that any co-pays charged to him were unconstitutional. As to the alleged RICO violation, Plaintiff does not set out any facts to show, as required by 18 U.S.C. § 1962(c), a "pattern of racketeering activity" consisting of predicate offenses listed in 18 U.S.C. § 1961, or any "collection of *unlawful* debt," 18 U.S.C. § 1962(c) (emphasis added).

Plaintiff's only potentially viable claims arise from his allegations that, by failing to properly address his physical limitations, prison officials violated the Americans with

Disabilities Act ("the ADA"), the Rehabilitation Act of 1973, and the United States Constitution. As to these claims, Plaintiff alleges that he has a disability that requires his assignment to a bottom bunk, but that he has been assigned a top bunk since January 14, 2010, and suffered pain as a result. (Docket Entry 2 at 7.) Plaintiff has only named Defendant Smith in connection with these claims. (*Id.* at 4-5, 7.) Plaintiff claims that Defendant Smith is "aware that Plaintiff had complained about being put in imminent danger of serious physical injury, on January 12, 2010," but has done nothing to accommodate him. (*Id.* at 7.)

"Congress enacted the Rehabilitation Act of 1973 and the [ADA] to protect disabled individuals from discrimination and to require that covered [entities] provide reasonable accommodation to disabled persons." *Webster v. Henderson*, 32 Fed. Appx. 36, 40 (4th Cir. 2002) (internal citations omitted). The ADA and the Rehabilitation Act, however, do not provide any cause of action for a plaintiff to sue an individual defendant, such as Defendant Smith, in his individual capacity. *See Baird ex rel. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999); *Smith v. Potter*, No. 1:09CV587, 2010 WL 1500876 (M.D.N.C. Apr. 14, 2010) (unpublished); *Swaim v. Westchester Academy, Inc.*, 170 F. Supp. 2d 580, 583 (M.D.N.C. 2001).

To the extent Plaintiff seeks to proceed against Defendant Smith in his official capacity (*see* Docket Entry 2 at 4), the ADA and Rehabilitation Act claims effectively would constitute claims against the state agency that employs Defendant Smith. *See Will v.*

*Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).[1]  Because the Complaint contains no allegations regarding receipt of federal funds by that state agency, Plaintiff's Rehabilitation Act claim against Defendant Smith in his official capacity fails as a matter of law.  *See Nelson v. Miller*, 170 F.3d 641, 653 n.8 (6th Cir. 1999) ("Dismissal of the Appellants' Rehabilitation Act claim was also appropriate because Appellants did not sufficiently plead the financial assistance jurisdictional prerequisite contained therein."); *Lightbourn v. County of El Paso, Tex.*, 118 F.3d 421, 427 (5th Cir. 1997) ("[T]o state a [Rehabilitation Act] claim a plaintiff must allege that the specific program or activity with which he or she was involved receives or directly benefits from federal financial assistance."); *Paulone v. City of Frederick*, ___ F. Supp. 2d ___, ___, 2010 WL 605706, at *4 (D. Md. 2010) ("Because [the plaintiff] failed to allege that any program or activity implicated by the complaint received federal funds, her Rehabilitation Act claims against [the state government] must be dismissed.").  Because of his pro se status, Plaintiff should have an opportunity to re-file this claim if he has a basis to present factual allegations related to the federal funding element of his Rehabilitation Act claim.

Plaintiff's official-capacity ADA claim raises complex issues regarding sovereign immunity.  *See generally United States v. Georgia*, 546 U.S. 151 (2006); *Chase v. Baskerville*, 508 F. Supp. 2d 492 (E.D. Va. 2007).  The United States Supreme Court has indicated that, in resolving these sovereign immunity issues, courts should determine "on a

---

[1] Plaintiff cannot maintain an official-capacity action against Defendant Smith (or any other state official) as to any claims brought pursuant to 42 U.S.C. § 1983.  *See Will*, 491 U.S. at 71.

claim-by-claim basis, (1) which aspects of the State's alleged conduct violated [the ADA]; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated [the ADA] but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid." *Georgia*, 546 U.S. at 159. In this case, as in *Georgia*, it is not clear if Plaintiff intends to "assert [ADA] claims premised on conduct that does not independently violate the Fourteenth Amendment." *Id.* Moreover, for reasons detailed below, the Complaint fails to state a constitutional claim, but Plaintiff should have an opportunity to file a new complaint that addresses the identified deficiencies. The Court therefore cannot perform the required assessment of Plaintiff's official-capacity ADA claim given the current state of the Complaint. For all of these reasons, Plaintiff's official-capacity ADA claim cannot go forward as drafted in the instant Complaint, but Plaintiff should have the option of clarifying the nature of his ADA claim (including its relationship to any re-alleged constitutional claim(s)) in any new complaint he chooses to file.

Plaintiff's Complaint also seeks to bring various individual capacity claims against Defendant Smith under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must aver that a person acting under color of state law deprived him of a constitutional right or a right conferred by a law of the United States." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009). This action therefore could proceed if Plaintiff alleged facts that, if true, would establish that Defendant Smith, a state actor, violated the Constitution or federal law in connection with Plaintiff's bunk assignment.

In addition to two federal laws (i.e., the ADA and the Rehabilitation Act), Plaintiff has identified various constitutional provisions that Defendant Smith allegedly violated in this regard: 1) his right under the "Eighth Amendment . . . to adequate health care"; and 2) his rights under the "Fourteenth Amendment to Due Process [and] Equal Protection of Laws." (Docket Entry 2 at 7.) In connection with these claims, Plaintiff appears to assert that Defendant Smith "show[ed] 'deliberate indifference'" to Plaintiff's medically-based need for a bottom bunk and the related risk of injury posed to Plaintiff by his assignment to a top bunk.

"Claims that prison officials failed to provide adequate medical care . . . sound in the Eighth Amendment . . . [and thus] there is a subjective and an objective component to showing a violation of the right. The plaintiff must demonstrate that the [officials] acted with 'deliberate indifference' (subjective) to the inmate's 'serious medical needs' (objective)." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). "Deliberate indifference is a very high standard – a showing of mere negligence will not meet it." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999).[2] Plaintiff thus could state an Eighth Amendment claim against

---

[2] Instead, Plaintiff must make "two showings":

> First, the evidence must show that the official in question subjectively recognized a substantial risk of harm. It is not enough that the [official] *should have* recognized it; [he] actually must have perceived the risk. Second, the evidence must show that the official in question subjectively recognized that his actions were inappropriate in light of that risk. As with the subjective awareness element, it is not enough that the official *should have* recognized that his actions were inappropriate; the official actually *must have* recognized that his actions were insufficient.

*Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) (internal citations and quotation marks
(continued...)

Defendant Smith (via Section 1983), if he presented factual allegations sufficient to establish that he had a serious medical need for a bottom bunk and that Defendant Smith knew of this need, but responded in a manner that Defendant Smith knew was improper in light of the risk of harm to Plaintiff.

As to the Fourteenth Amendment, it is not readily apparent how Plaintiff's bunk assignment potentially implicates the Due Process Clause (except as that Clause serves as the basis for incorporating the Eighth Amendment's provisions as limitations on the states, *see generally Martin v. Gentile*, 849 F.2d 863, 867 (4th Cir. 1988)); however, it is clear that the Equal Protection Clause prohibits state actors from subjecting individuals with disabilities to treatment that lacks any rational relationship to a legitimate state interest. *See Brown v. North Carolina Div. of Motor Vehicles*, 166 F.3d 698, 706-07 (4th Cir. 1999); *Doe v. University of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1267 (4th Cir. 1995). "Where the claim is invidious discrimination[,] . . . the plaintiff must plead and prove that the defendant acted with discriminatory purpose. . . . [P]urposeful discrimination requires more than intent as volition or intent as awareness of consequences." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). Accordingly, to state an Equal Protection claim against Defendant Smith (again, via Section 1983), Plaintiff would have to present factual allegations sufficient to establish that Defendant Smith subjected Plaintiff to a top bunk assignment for the purpose of discriminating against Plaintiff based on his disability and/or without any rational basis.

---

[2](...continued)
omitted) (emphasis in original).

For the reasons that follow, Plaintiff has failed to allege facts regarding Defendant Smith that could support a claim under Section 1983.[3]

A complaint must "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (emphasis added) (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*[4]

---

[3] The Court only has assumed for purposes of this Recommendation that a plaintiff alleging disability-based claims may proceed under Section 1983 and does not render any ultimate judgment on that complex question. *See Mitchell v. Yates*, 402 F. Supp. 2d 222, 230 n.7 (D.D.C. 2005) (noting divergent authority bearing on issues of whether and to what extent Section 1983 provides cause of action to plaintiff claiming disability discrimination, including whether any such claim could rest upon statutory ADA violation or must rely on equal protection breach and whether comprehensive nature of ADA forecloses any resort to Section 1983 (even for purposes of asserting equal protection claim)). The divergent conclusions reached by the Fourth Circuit as to the availability of Section 1983 as a complement to claims under Title VII (yes, *see Beardsley v. Webb*, 30 F.3d 524 (4th Cir. 1994)) and the Age Discrimination in Employment Act (no, *see Zombro v. Baltimore City Police Dep't*, 868 F.2d 1364 (4th Cir. 1989)) underscores the challenge such an inquiry would pose. The Court need not resolve the foregoing questions because it concludes, at a minimum, that, whether Plaintiff seeks to use Section 1983 as a vehicle to hold Defendant Smith liable for violating constitutional *or* statutory provisions regulating the treatment of persons with physical limitations *or* both, Plaintiff has failed to allege sufficient facts to show that Defendant Smith acted unlawfully.

[4] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson*
(continued...)

Plaintiff's claims rely on conclusory, "threadbare" allegations of the sort that will not suffice to state a claim for relief under *Iqbal*. Plaintiff does not allege that Defendant Smith played any direct role in Plaintiff's bunk assignment. Instead, Plaintiff alleges that Defendant Smith was aware of Plaintiff's situation and the violation of Plaintiff's rights. However, Plaintiff does not set forth any facts showing how or when Defendant Smith allegedly gained this knowledge. Moreover, Smith's position as a supervisor is not sufficient by itself to give rise to liability under § 1983. *See Iqbal*, 129 S.Ct. 1948-49.

Because of his pro se status, Plaintiff should be allowed an opportunity to refile his Complaint if he has a basis to present sufficient factual allegations against Defendant Smith as to these claims. However, Plaintiff should be aware that, following *Iqbal*, *supra*, a number of open questions exist regarding the circumstances under which a person in a supervisory or administrative position can be held liable under § 1983. Therefore, Plaintiff must flesh out all of the facts surrounding Defendant Smith's alleged role in any violations of Plaintiff's rights.

---

⁴(...continued)
to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," *Giarratano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying *Twombly* standard in dismissing pro se complaint). *Accord Atherton v. District of Columbia Off. of Mayor*, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting *Erickson*, 551 U.S. at 94, and *Iqbal*, 129 S. Ct. at 1950, respectively)), *cert. denied* ___ U.S. ___, No. 09-8739, 2010 WL 286406 (2010), *and cert. denied*, ___ U.S. ___, No. 09-889, 2010 WL 285700 (2010).

As a final matter, Plaintiff has failed to provide a sufficient number of copies of the Complaint. If he chooses to refile his Complaint, he must submit the original, one copy for the Court, and one copy for each defendant named.

For all of the reasons set out above, this particular Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

**IT IS RECOMMENDED** that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

                                                /s/ L. Patrick Auld
                                                **L. Patrick Auld**
                                      **United States Magistrate Judge**

July 15, 2010